UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KIMBERLY A. GOMEZ and
JOSEPHINE O. SANCHEZ,

      Plaintiffs,

v.                                                                                Civ. No. 11-386 MV/GBW

LAS CRUCES PUBLIC SCHOOLS and
DAVID DEL TORO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant David Del Toro's Motion for Qualified Immunity and Supporting Memorandum [Doc. 24]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

In 2010, Plaintiffs Kimberly A. Gomez ("Gomez") and Josephine O. Sanchez ("Sanchez"), former faculty members at Onate High School, filed this action for discrimination and retaliation against Las Cruces Public Schools ("LCPS") and David Del Toro ("Del Toro"), former Principal of Onate High School. In their First Amended Complaint, both Plaintiffs, *inter alia*, brought a claim under 42 U.S.C. Section 1983, alleging that Del Toro violated their constitutional "rights of freedom of speech, or their rights to equal protection of the laws." *See* Doc. 1-2, ¶ 71. On August 4, 2011, Del Toro filed the instant motion to dismiss, on the basis of qualified immunity, Sanchez's 1983 claim, to the extent she alleges a violation of her First Amendment rights. *See* Doc. 48. In essence, Del Toro argues that Sanchez cannot establish a

First Amendment violation, because the speech at issue pertained only to her personal claims of Del Toro's harassment, a subject that does not constitute a matter of public concern. Sanchez opposes the motion, arguing that her speech, which "addressed the serial victimization of her by Defendant Del Toro, outside the workplace and in it, and his relentless violations of her personal privacy, integrity and her reputation in the professional environment," did pertain to matters of public concern. *See* Doc. 44 at 9.

Relevant to this motion, Plaintiffs allege that "Sanchez related [to Gomez] that Defendant Del Toro had sexually harassed her repeatedly," and "had set about creating an extraordinarily hostile work environment for her," which "pattern continued for over two years." *See* Doc. 1-2, ¶ 11; *see also id.* ¶ 27 ("In September 2008, Plaintiff Sanchez spoke with Plaintiff Gomez regarding Del Toro's conduct."); ¶ 28 ("As Plaintiff Sanchez and Plaintiff Gomez discussed the issue, it was clear to both that one aspect of the issue related to sexual harassment, in particular, to Plaintiff Sanchez's refusal to engage in Defendant Del Toro's intended amorous relationship."). Plaintiffs specifically allege that, "[i]n speaking with Plaintiff Gomez, Plaintiff Sanchez was seeking help in protecting herself from the sexual harassment, intimidation and retaliation directed at her." *Id.* ¶ 30. Further, Plaintiffs allege that "Sanchez complained about the pattern of harassment to Plaintiff Gomez, her union representative and others." *Id.* ¶ 24. According to Plaintiffs, in response to Sanchez's report of Del Toro's harassment to LCPS, "no concrete efforts to stop Defendant Del Toro from his pattern of harassment and invasion" were taken. *Id.* ¶ 25. Finally, Plaintiffs allege that the issue of Del Toro's harassment "was not unique to Plaintiff Sanchez," noting that "other faculty had reported [to Gomez] that Marissa Zamora had also been a victim of sexual harassment" similar to that experienced by Sanchez. *Id.* ¶ 29.

**DISCUSSION**

I.  Standard on Motion to Dismiss on Qualified Immunity Grounds

Under 42 U.S.C. Section 1983, "[e]very person who, under color of any [law] . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Qualified immunity protects government officials performing discretionary functions from Section 1983 liability "when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). The Court employs a two-part test to analyze a qualified immunity defense. *Id.* Accordingly, "[i]n resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.*

In making this determination, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* at 1162. "The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002). The complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Here, Del Toro argues that, even if accepted as true, the facts alleged by Plaintiffs do not make out a violation of Sanchez's First Amendment rights, and thus, he is entitled to qualified immunity.

II. <u>The Adequacy of the Allegations Regarding Sanchez's First Amendment Rights</u>

In evaluating the claims of public employees who allege that their employers have retaliated against them for exercising their First Amendment rights, the Court "first must determine whether the plaintiff's statements can be "fairly characterized as constituting speech on a matter of public concern.'" *David v. City and County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1997) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)). If the speech involved a matter of public concern, the Court then must "balance 'the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Woodward v. City of Borland*, 977 F.2d 1392, 1403 (10th Cir. 1992) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). At issue here is the threshold question of whether Sanchez's speech involved a matter of public concern.

"In deciding whether a particular statement involves a matter of public concern, the fundamental inquiry is whether the plaintiff speaks as an employee or as a citizen." *David*, 101 F.3d at 1355. On the one hand, "speech pertaining to a governmental agency's discharge of its governmental responsibilities ordinarily will be regarded as speech on a matter of public concern." *Woodward*, 977 F.3d at 1403. On the other hand, speech relating to "internal personnel disputes and working conditions" ordinarily will not be regarded as speech on a matter of public concern. *Id.* In making this distinction, "courts focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Id.* "This is admittedly often a difficult line to draw, and it requires a court to consider the 'content, form, and context of a given statement, as revealed by the whole record.'" *Id.* (quoting *Connick*, 461 U.S. at 147-48).

4

Here, Plaintiffs' allegations regarding Sanchez's speech are that: Sanchez reported to Gomez, her union representative, LCPS, and unspecified others that she personally experienced a pattern of sexual harassment by Del Toro; the purpose of her reports was to "protect[] herself from the sexual harassment, intimidation and retaliation directed at her;" and her request for LCPS to stop the harassment and retaliation against her went unheeded. Although the First Amended Complaint alleges that Gomez received reports from at least one other faculty member of harassment by Del Toro, Plaintiffs do not allege that Sanchez's reports mentioned harassment by Del Toro of that faculty member, or of anyone else. Further, there are no allegations in the First Amended Complaint that Sanchez reported Del Toro's harassment in order to bring to light any concern that the harassment was preventing LCPS from properly discharging its official responsibilities.

In *Woodward*, the Tenth Circuit held that reports of sexual harassment pertained only to internal personnel disputes and working conditions, and thus was not speech on a matter of public concern. There, employees of a county sheriff's department alleged that their supervisors and co-employees had retaliated against them after they filed formal sexual harassment complaints against a police officer and an undersheriff. The Tenth Circuit found that, as is the case here, "the thrust of the Plaintiffs' speech was that they personally were being subjected to sexual harassment and they wanted it to stop." 997 F.2d at 1403-04. Further, although the plaintiffs' complaints included "general references" to the possibility that other women may also have been subjected to sexual harassment, "no specifics were given nor was the purpose or substance of the complaints to assert that the sexual harassment prevented the JPB from properly discharging its official responsibilities." *Id.* at 1404. As noted above, here, there are not even allegations of "general references" in Sanchez's reports that other women may have been subject

5

to harassment. The *Woodward* Court concluded that the plaintiffs "were intending to address personal grievances that they had with [their supervisor]."

Here, accepting Plaintiffs' allegations as true, this Court similarly must conclude that the First Amended Complaint alleges that Sanchez reported Del Toro's misconduct for no broader purpose than addressing her personal grievances about the conditions of her own employment. Indeed, in their response to Del Toro's motion, while arguing that Del Toro's harassment of Sanchez extended beyond the boundaries of their workplace, Plaintiffs nonetheless characterize Sanchez's speech as reporting only her own personal experience of harassment. *See* Doc. 44 at 9 ("Plaintiff Sanchez's speech addressed the serial victimization of [Sachez] by Defendant Del Toro, outside the workplace and in it, and his relentless violations of her personal privacy, integrity and her reputation in the professional environment.").

The Court in *Woodward* explained that the fact that the plaintiff's speech pertained only to personal grievances was not the end of the inquiry, noting that "even speech that focuses on internal employment conditions and is made in the context of a personal dispute may be regarded as pertaining to a matter of public concern if it addresses important constitutional rights which society at large has an interest in protecting." *Id.* Applying the doctrine of qualified immunity, however, the Court stated that it was "aware of no case holding that speech similar to that made by Plaintiffs pertained to a matter of public concern." *Id.* The Court therefore concluded that the defendants were entitled to qualified immunity on the plaintiffs' First Amendment claims. *Id.*

In *David*, the Tenth Circuit reaffirmed its position that complaints that frame sexual harassment allegations as personal grievances do not constitute speech on a matter of public concern. There, the plaintiff police officer had filed EEOC complaints and sent a letter to the

Denver City Attorney, stating that she had been personally subjected to sexual harassment, retaliation, and unwarranted disciplinary action. 101 F.3d at 1356. The Court found that the plaintiff's reports focused "on the conditions of her own employment," and that she did not report either that other employees were similarly subjected to harassment or retaliation, or that the harassment and retaliation she experienced interfered with the police department's performance of its governmental responsibilities. *Id.* Under *Woodward*, the Court found that the plaintiff's statements did not involve matters of public concern. *Id.*

The Court rejected the plaintiff's argument that *Woodward* was not controlling, and distinguished the cases cited by the plaintiff in support of her position that speech regarding sexual harassment constitutes speech on matters of public concern. Specifically, the plaintiff, as do Plaintiffs here, cited *Wulf v. City of Wichita*, 883 F.2d 842 (10th Cir. 1989), and *Wren v. Spurlock*, 798 F.3d 1313 (10th Cir. 1986), *cert. denied*, 479 U.S. 1085 (1987). In *Wulf*, the Tenth Circuit held that a police officer's letter to the Kansas Attorney General requesting an investigation of the Wichita Police Department addressed matters of public concern. 883 F.2d at 857-58. The officer's request alleged interference with the police officer's right to join a union, unfair treatment of the union, misuse of public funds, and sexual harassment of one officer by a supervisor. *Id.* at 848-50. "Significantly, the sexual harassment allegation did not involve the officer who had written the letter." *David*, 101 F.3d at 1357. In *Wren*, the Tenth Circuit held that a letter written by a group of teachers to a state education association and requesting an investigation of a public school principal involved matters of public concern. 798 F.2d at 1317-18 n.1. The letter included allegations of sexual harassment of several students and teachers. *Id.* at 1317.

As the Court found in *David*, "[t]he complaints at issue in *Wulf* and *Wren* contrast

sharply with the statements of [Sanchez] at issue here." *David*, 101 F.3d at 1357. Specifically, unlike Sanchez's reports of harassment, the complaints in *Wulf* and *Wren* did not focus exclusively on the conditions of the complainant's own employment, but rather alleged that the public agency at issue was not properly performing governmental responsibilities. *Id.* "Moreover, neither case establishes a rule that allegations of sexual harassment inherently involve matters of concern under the *Connick* standard." *Id.*

Accordingly, following *David* and *Woodward*, this Court determines that Sanchez's reports regarding Del Toro's harassment of her did not involve matters of public concern. Del Toro thus is entitled to qualified immunity on Sanchez's First Amendment claim.

III.     The Limits of this Decision

Plaintiffs' Section 1983 claims are set forth in Count III of the First Amended Complaint. Plaintiffs allege that the actions of Del Toro, as detailed throughout the First Amended Complaint, "violated the civil rights of Plaintiffs, and specifically offended their rights of freedom of speech, or their rights to equal protection of the laws, in violation of 42 U.S.C. § 1983." *See* Doc. 1-2, ¶ 71. Viewing all reasonable inferences in favor of Plaintiffs and construing the First Amended Complaint liberally, as is required, the Court finds that Plaintiffs allege violations both of Sanchez's First Amendment free speech rights and of her Fourteenth Amendment Equal Protection rights.

Although Del Toro appears to seek to dismiss Sanchez's 1983 claim against him in its entirety, he does not address the alternative allegation that his conduct constituted a violation of Sanchez's Equal Protection Rights. This is not surprising, as, for purposes of qualified immunity, the Tenth Circuit has "unequivocally held that 'sexual harassment . . . can violate the Fourteenth Amendment right to equal protection of the laws.'" *Woodward,* 977 F.2d at 1398

(quoting *Starrett v. Wadley*, 876 F.2d 808 (10 Cir. 1989)).  Accordingly, Del Toro's motion to dismiss is granted to the extent that it seeks dismissal of Sanchez's claim that Del Toro is liable pursuant to Section 1983 for violating her First Amendment rights.  To the extent that Plaintiffs allege Del Toro violated Sanchez's Equal Protection rights, Sanchez's Section 1983 claim remains viable.

## CONCLUSION

Sanchez's reports regarding Del Toro's harassment of her did not constitute speech involving matters of public concern.  Del Toro thus is entitled to qualified immunity on Sanchez's 1983 claim alleging a violation of her First Amendment rights.

**IT IS THEREFORE ORDERED** that Defendant David Del Toro's Motion for Qualified Immunity and Supporting Memorandum [Doc. 24] is **GRANTED** as follows: Sanchez's claim that Del Toro is liable pursuant to Section 1983 for violating her First Amendment rights is **DISMISSED**.

DATED this 9th day of March, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge